# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| JACK GEORGE FELTMAN, #1095513 | § | |
| VS. | § | CIVIL ACTION NO. 4:07cv314 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, an inmate confined in the Texas prison system, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was transferred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636 ( c).

## Background

Petitioner is complaining about his Lamar County convictions for burglary of a building, Cause Nos. 21309, 21395. These charges were enhanced by his prior conviction of burglary of a building from Hayes County, Cause No. CR-01-0225. Petitioner pleaded guilty, and on April 28, 2006, the Court sentenced him to eighteen years of imprisonment for each offense, to run consecutively. Petitioner appealed his convictions from Lamar County, but the Sixth Court of Appeals dismissed them for want of jurisdiction based on his waiver of appeal. *Feltman v. State*, Nos. 06-06-00118-CR, 06-06-00119-CR (Tex. App.–Texarkana, August 31, 2006). He did not file a petition for discretionary review. However, on March 20, 2007, he filed applications for state

writs of habeas corpus, which were denied without written order on May 23, 2007. *Ex parte Feltman*, Nos. 67,503-01 at 2; 67,503-02 at 1A.

Petitioner filed the instant federal writ of habeas corpus on June 15, 2007, alleging several grounds for relief:

1. The indictment was invalid;

2. His trial counsel was ineffective when

   a. counsel failed to object when the State filed a second charge against him without probable cause, and when

   b. counsel coerced him to waive his right to a grand jury indictment proceeding;

3. The trial court abused its discretion by "stacking" his sentences;

4. His protection against double jeopardy was violated; and

5. His right to appeal was denied.

The Attorney General provided a Response, asserting that Petitioner's claims are without merit, to which Petitioner filed a Reply.

Statement of Facts

On January 19, 2006, Jeff Springer, a police officer in Paris, Texas, filed an affidavit. In it, he attested that on December 20, 2005, the Paris Police Department received a report of burglary of a building, to which Springer responded. Louise Jones, the victim, and her grandson reported that as she drove up to her storage building, she saw the door raised and a white male standing inside the building. She described the light blue vehicle parked in front of the building. She said that the white male was in the process of loading property from her building. When she confronted him, he said he thought the building belonged to someone else, then got in his vehicle and left. However, after

checking her property, she found that he had taken a set of speakers when he left.

Springer stated that on January 15, 2006, the Lamar County Crime Stoppers received a tip that Petitioner was the white male that had been breaking into storage buildings. On January 19, 2006, Springer constructed a photographic lineup of six photographs, one of which was a photo of Petitioner. Louise Jones said that she was not one hundred percent sure, but pointed to Petitioner's photo and said that he looked like the burglar. The same day, Louise Jones' grandson was shown the photographic lineup, and immediately pointed to Petitioner and said that he was one hundred percent sure that it was the man from the storage building.

Jess Wilson, a certified peace officer employed by the City of Reno Police Department, filed an offense report on February 21, 2006. In it, he stated that the Reno Police Department had recently received numerous reports of burglaries of storage buildings. On January 19, 2006, Wilson met Springer at the residence where Petitioner was living. Petitioner was not there at the time, but the owner of the residence, Bradley McKinnon, consented to the search of the residence. On the curb were several trash bags that held pictures and other numerous items belonging to burglary victims. Items were also recovered from McKinnon's second residence. McKinnon had purchased items from Petitioner to help him out of what he thought was a "money bind." Petitioner was jailed in Paris for burglary and also for a parole violation at the time. Wilson noted that Petitioner cooperated with him and accompanied him to several storage unit business and identified over twenty units that he had burglarized. Petitioner signed a statement listing the numbers of each of the units.

Petitioner was charged by grand jury indictment on March 30, 2006, with burglary of a building, in violation of Texas Penal Code, § 30.02. The indictment charged Petitioner with "intentionally, without the effective consent of Louise Jones, the owner thereof, enter a building not

then and there open to the public with intent to commit theft" on or about December 20, 2005, in Lamar County, Texas. Less than one month later, on April 27, 2006, an information was filed, charging Petitioner again with burglary of a building "on or about January 19, 2006," in Lamar County, Texas. The indictment and information also alleged a conviction of burglary of a building on April 9, 2002, Cause No. Cr-01-225, from Hays County, Texas. On April 20, 2006, the State filed an Enhancement Notice of Petitioner's conviction of the felony offense of receiving stolen property in Los Angeles County, California, on March 6, 1991. On April 28, 2006, Petitioner pleaded guilty to both charges. He signed "Written Plea Admonishments," which outlined the terms of his plea. By his signature, Petitioner attested that he understood each and every admonishment after having reviewed them with his attorney. He also signed a Judicial Confession, admitting that the allegations in the information and indictment were true, as well as any enhancement or habitual allegations set forth. Petitioner also acknowledged by his signature that the trial court's certification of his right to appeal shows that he "has waived the right to appeal."

At the punishment phase, Springer testified that after Petitioner had been caught in the act of burglarizing a storage unit, an arrest warrant was issued. He was then arrested. Some time after his arrest, he admitted that he was responsible for the rash of storage unit burglaries between August 2005 and January 2006, when he was arrested. Springer estimated that Petitioner was responsible for up to forty storage building burglaries in the Paris area during that time. The trial court assessed eighteen years of imprisonment on each charge, to be served consecutively.

## Federal Habeas Corpus Relief

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a

federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable

application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411, 120 S. Ct. at 1522. Rather, that application must be objectively unreasonable. *Id.* at 409. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Beel v. Cone*, 535 U.S. 685, 693, 122 S. Ct. 1843, 1849, 152 L. Ed.2d 914 (2002); *see Williams*, 529 U.S. at 404, 120 S. Ct. at 1519. A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). Additionally, federal habeas relief is foreclosed if a claim (1) is procedurally barred as a consequence of a failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991); (2) seeks retroactive application of a new rule of law

to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989); or (3) asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed.2d 353 (1993).

Defective Indictment and Due Process

Petitioner asserts that his indictment was fundamentally invalid because it lacked a probable cause affidavit. He also contends that his rights to due process were violated because the trial court lacked jurisdiction since the charge was not properly before the court.

A defective indictment does not deprive a court of jurisdiction, and a defect in the indictment does not deprive a court of its power to adjudicate a case. *United States v. Cotton*, 535 U.S. 625, 630-31, 122 S. Ct. 1781, 1785, 152 L. Ed.2d 860 (2002). The sufficiency of a state indictment is appropriate for federal habeas corpus relief only when it can be shown that the indictment is so defective that it deprives the convicting court of jurisdiction. *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994). State law dictates whether a state indictment is sufficient to confer a court with jurisdiction. *Id*. The Fifth Circuit has held that the district court is "required to accord due deference to the state's interpretation of its own law that a defect of substance in an indictment does not deprive a state trial of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 69 (5th Cir. 1994), *cert. denied*, 513 U.S. 854, 115 S. Ct. 157, 130 L. Ed.2d 95 (1994).

The Due Process Clause provides the guarantee of fair procedure related to a constitutionally protected interest. *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S. Ct. 975, 983, 108 L. Ed.2d 100 (1990). Due process guarantees that a government actor cannot deprive a person of a constitutionally

7

protected interest in life, liberty, or property without adequate procedural protections. *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S.532, 533, 105 S. Ct. 1487, 1489, 84 L. Ed.2d 494 (1985). The key to a procedural due process claim is whether the petitioner was afforded the quantity of process to which he was constitutionally entitled prior to the deprivation of a protected interest. *Id*.

Petitioner complains that the information was based on an affidavit alleging he had burglarized a building on a day that he was in jail. The officer's affidavit explained that Petitioner, who was in jail for burglary and for a parole violation, cooperated and accompanied him to the various storage businesses where he noted the units he had burglarized. Chris Brooks, a peace officer employed by the Lamar County Attorney's Office based his affidavit for probable cause on the offense report written by Jess Wilson. Wilson's offense report was attached and incorporated for all purposes to Brooks' complaint. Although the affidavit and offense report may not have specifically referred to the January 19, 2006 date stated in the information, Texas law allows that the time mentioned must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense would be barred by limitations. Tex. Code Crim. Pro. art. 21.21. Petitioner has not shown that the indictment or information was defective or that he was denied due process.

Moreover, Petitioner raised the same defective indictment and due process claims in his state writs. *Ex parte Feltman*, App. No. 67,503-01 at 17-26, 8; 67,503-02 at 17-26, 6. His state applications for writs of habeas corpus were denied without written order by the Texas Court of Criminal Appeals, and constitute an adjudication on the merits. *Singleton*, 178 F.3d at 384; *Torres*, 943 S.W.2d at 472 (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). Thus, the indictment was

considered to be sufficient under state law, and his due process rights were considered to be intact. Petitioner has not shown that he was denied a constitutionally protected interest in life, liberty, or property without adequate procedural protections. *Loudermill*, 470 U.S. at 533, 105 S. Ct. at 1489.

Furthermore, in Texas, sufficiency of the evidence is not cognizable in a post-conviction writ of habeas corpus. *Ex parte Williams*, 703 S.W.2d 674, 677 (Tex. Crim. App. 1986). The Fifth Circuit has also recognized the same state procedural bar. *West*, 92 F.3d at 1398, n. 18 (sufficiency of the evidence may be raised on direct appeal, but not in a habeas corpus proceeding). Thus, the claim challenging the sufficiency of the charging instrument is procedurally barred unless Petitioner has demonstrated cause and prejudice or a miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S. Ct. at 2565. Petitioner has failed to demonstrate cause and prejudice or that he is actually innocent of the crime. Indeed, he pleaded guilty. Consequently, these claims are procedurally barred from review. Even if they were not barred, Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25.

<u>Petitioner's Guilty Plea</u>

Petitioner asserts that his trial counsel should have objected to the second charging instrument. He also asserts that trial counsel coerced him into waiving his right to a grand jury proceeding. However, Petitioner pleaded guilty. A guilty plea generally waives constitutional deprivations occurring prior to the plea, *Haring v. Prosise*, 462 U.S. 306, 319-20, 103 S. Ct. 2368, 2376-77, 76 L. Ed.2d 595 (1983), except a habeas claim challenging the validity of the guilty plea

9

itself, *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000), *cert. denied* 531 U.S. 830, 121 S. Ct. 291, 148 L. Ed.2d 44. A knowing and voluntary guilty plea waives all nonjurisdictional deprivations that occurred prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed.2d 235 (1973). Once a guilty plea has been entered, all nonjurisdictional defects in the proceedings are waived. *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the giving of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), *cert. denied*, 466 U.S. 906, 104 S. Ct. 1685, 80 L. Ed.2d 159 (1984).

If a petitioner challenges his guilty plea, there must be independent indicia of the likely merit of his contentions, and mere contradictions of his statements at the guilty plea will not carry his burden. *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987). The validity of a guilty plea is a question of law and will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

While Petitioner claims that his counsel coerced him into waiving grand jury proceedings on the second charge, he does not claim that his guilty plea was involuntary. Likewise, he fails to claim that his guilty plea was involuntary or unknowing due to ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 56-57, 106 S. Ct. 366, 369, 88 L. Ed.2d 203 (1985). Therefore, his claims of ineffective assistance of counsel are waived by his plea of guilty. *Smith*, 711 F.2d at 682.

Furthermore, as shown above, Petitioner has not shown that the charging instrument was defective. Thus, there was no reason for trial counsel to object to it. A failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of

deficient performance). Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second guess counsel). Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2066, 80 L. Ed.2d 864 (1984).

Petitioner is also not entitled to relief because he has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See Moore*, 313 F.3d at 882. Nor has he shown that the State court findings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *Id*.

Stacking Sentences

Petitioner claims that the trial court abused its discretion when it stacked his sentences. Sentencing is a matter of state criminal procedure, and does not involve a denial of fundamental fairness such that it falls within the scope of federal habeas corpus review. *Johnson v. Beto*, 383 F.2d 197, 198 (5th Cir. 1967), *cert. denied*, 393 U.S. 868, 89 S. Ct. 153, 21 L. Ed.2d 136 (1968) (state criminal procedure "does not involve such a denial of fundamental fairness as to fall within the

purview of federal habeas corpus"). Furthermore, Petitioner presented the same claim in his state writs. *Ex parte Feltman*, App. No. 67,503-01 at 8; 67,503-02 at 8. The Texas Court of Criminal Appeals denied his state writs without written order. Thus, Petitioner is also not entitled to relief because he has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *Moore*, 313 F.3d at 882. Nor has he shown that the State court findings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *Id*. Petitioner has not rebutted the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. A federal district court must be deferential to state court findings supported by the record. *Pondexter*, 346 F.3d 149-152.

<u>Double Jeopardy</u>

Petitioner asserts that his double jeopardy rights were violated because the probable cause affidavit from the first charge was used in support of the second charge.

The double jeopardy bar protects against a second prosecution after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498, 104 S. Ct. 2536, 2540, 81 L. Ed.2d 425 (1984); *United States v. Nichols*, 741 F.2d 767 (5th Cir. 1984), *cert. denied*, 469 U.S. 1214, 105 S. Ct. 1186, 84 L. Ed.2d 333 (1985). There are "only three possible jeopardy terminating events: (1) an acquittal, (2) a trial court determination of insufficiency leading to a directed verdict of acquittal, and (3) an unreversed determination on direct appeal that there was insufficient evidence to support the conviction." *United States v. Williams,* 449 F.3d 635 (5th Cir. 2006); *Vanderbilt v. Collins,* 994 F.2d

189, 195 (5th Cir. 1993). The most common question for the Court's consideration when there are two convictions out of the same incident is whether the two convictions represent multiple punishments for the same offense. The test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932); *United States v. Marden*, 872 F.2d 123, 126 (5th Cir. 1989).

In the present case, Petitioner has not shown that he had more than one trial or that an earlier trial resulted in (1) an acquittal, (2) or that the trial court determined that the evidence was insufficient, leading to a directed verdict of acquittal, or (3) that the appellate court reversed based on insufficient evidence to support the conviction. *Williams,* 449 F.3d 635; *Vanderbilt,* 994 F.2d at 195. Additionally, the two convictions for burglary of a building were from acts performed on different dates. Thus, each conviction required proof of an additional fact which the other did not. *Id*. Petitioner has failed to establish a double jeopardy violation. This issue is without merit.

## Right to Appeal

Petitioner asserts that the trial court's admonishments and waiver form denied him his right to appeal. The record shows that Petitioner signed an agreement stating that he had decided to voluntarily waive his right to appeal. The written plea admonishment reflected that he waived his right to appeal. His signature on the plea agreement certifies that his plea of guilty was voluntary – not coerced or threatened. Then, in open court, the court asked if there is a waiver of appeal. When trial counsel and the prosecutor both answered in the affirmative, the court asked Petitioner if this was his understanding as well. Petitioner replied, "Yes, sir. I'm pleading guilty." Formal declarations in open court carry with them a strong presumption of truth. *Blackledge v. Allison*, 431

U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977). The court then filed an amended certification of defendant's right to appeal, showing that Petitioner had waived the right to appeal. Although not required in Texas state court, the court then specifically admonished Petitioner regarding the waiver of his right to appeal. The evidence shows that Petitioner voluntarily and knowingly waived his right to appeal. His assertion amounts to nothing more than a conclusory claim. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 7 99 (5th Cir. 1982).

Petitioner also raised the same claim in his state writs, which was denied without written order by the Texas Court of Criminal Appeals, and constitutes an adjudication on the merits. *Singleton*, 178 F.3d at 384; *Torres*, 943 S.W.2d at 472 (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). A federal district court must be deferential to state court findings supported by the record. *Pondexter*, 346 F.3d 149-152. This issue is without merit.

## Conclusion

Petitioner has failed to show that his issues have merit. Further, in each of his claims, he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. Accordingly, his petition should be dismissed. It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and Petitioner's case is **DISMISSED** with prejudice. It is further

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 20th day of September, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE